[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-15161

_____

D. C. Docket No. 01-06853-CV-PAS

FLOYD BLAIR MATTERN,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 7, 2007)**

Before BARKETT, KRAVITCH and STAHL,[*] Circuit Judges.

PER CURIAM:

Floyd Blair Mattern, a federal prisoner, appeals the district court's dismissal

---

[*] Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

of his 28 U.S.C. § 2254 habeas petition as moot. For the reasons that follow, we conclude the petition was not moot, and we vacate and remand with instructions for the district court to hold an evidentiary hearing on whether the petition was timely filed.

## I. Background

Mattern was charged in state court with aggravated battery on a person over the age of 65. Pursuant to a plea agreement, he pleaded guilty and was sentenced to two years probation. The parties would later dispute whether Mattern was convicted of aggravated battery on a person over the age of 65 or simple battery of a person over the age of 65.[1] His conviction became final on October 8, 1998. Mattern later violated his probation and, during proceedings to revoke Mattern's probation, the court calculated the sentence based on aggravated battery and imposed a term of imprisonment on June 15, 1999. On August 12, 1999, Mattern filed a motion to reduce sentence challenging the calculation used to enhance his sentence, which the state court denied in October 1999. Thereafter, on March 9, 2000, Mattern filed a state post-conviction motion again challenging the calculations used to enhance his sentence. The state court denied the motion in

---

[1] At the change of plea hearing and the probation revocation hearing, the court referred to the offense as battery. There are, however, two copies of the judgment; one indicating that the offense was battery, and the second containing a handwritten notation that the offense was aggravated battery.

2

October 2000, determining that Mattern had, in fact, pleaded guilty to aggravated battery on a person over the age of 65. Mattern's appeal was denied, and the mandate issued April 2, 2001.

On April 26, 2001,[2] Mattern filed a federal habeas petition pro se, asserting that, at his probation revocation hearing, the sentencing court erred when it sentenced him based on a sentencing score sheet that incorrectly listed his prior conviction as *aggravated* battery, rather than *simple* battery, and that this misstatement on the score sheet resulted in an enhanced sentence. While the petition was pending, Mattern completed his sentence and was released, but shortly thereafter was re-arrested on new charges of aggravated battery. The state moved to dismiss the § 2254 petition as moot. Mattern, through counsel, opposed the motion, asserting that the conviction for aggravated battery would have collateral consequences for him because he had been arrested again and charged with a new felony offense in state court.

The magistrate judge concluded that Mattern had been convicted only of simple battery and that his claims were meritorious.[3] Nevertheless, the magistrate

---

[2] Mattern signed and submitted his petition to prison authorities on April 26. The petition was docketed in the district court on May 12. Under the mailbox rule, we consider the petition filed on the date it was delivered to prison authorities. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

[3] The district court adopted the magistrate judge's analysis of Mattern's claims, and the state has not challenged the determination that Mattern's claims were meritorious.

3

judge recommended that the petition be dismissed because Mattern's claims were time barred (if based on the original conviction), or moot (if based on the sentence imposed for the probation violation). The magistrate judge noted that Mattern, through due diligence, should have known prior to his probation revocation that his sentencing score sheet listed his earlier conviction as aggravated battery. Over Mattern's objections, the district court dismissed the petition as moot because Mattern was not suffering collateral consequences and, even if he was, those consequences stemmed from his original conviction and not his sentence on the probation revocation.[4] Mattern requested a certificate of appealability, which this court granted on the following issue:[5]

> Whether the district court erred in holding Mattern's habeas petition was moot because both his original conviction for battery on a person over age 65 and his subsequent probation violation had fully expired. See Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); but cf., Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998).

## II. Mattern's Appeal[6]

---

[4] In a footnote, the court specifically declined to address the timeliness issue.

[5] The certificate of appealability also included a second issue, which the parties agree Mattern did not raise below. Mattern makes no argument on that issue on appeal, and therefore, we do not address it further.

[6] Mattern filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal.

4

The issue of whether a case is moot is a question of law that we review de novo. Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d 1276, 1282 (11th Cir. 2004). The state bears the burden of establishing that the claim is moot. Minor v. Dugger, 864 F.2d 124, 125 (11th Cir. 1989).

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Because Mattern was in custody at the time he filed his § 2254 petition, he satisfies the requirements of § 2254(a). Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989).

Nevertheless, a habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot. See Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). In other words, once a habeas petitioner has been released from imprisonment, the petitioner must establish that "some 'collateral consequence' of the conviction" exists. Id. The Supreme Court has determined that wrongful convictions can have continuing collateral consequences.

5

Id. at 8.  In Spencer, the Supreme Court considered a habeas petitioner's challenge to the revocation of his parole status, and not his underlying conviction.  The Court did not *presume* that collateral consequences resulted from the petitioner's parole revocation, but analyzed whether the petitioner had demonstrated such consequences.  Id. at 14.  The Supreme Court rejected the petitioner's argument, that his parole revocation was a collateral consequence to the extent that it *could* be used to enhance any *future* sentence, on the basis that such a consequence was contingent on the petitioner's future violation of the law and being convicted.  See Spencer, 523 U.S. at 15.

In the present case, Mattern contends that his petition was not moot because he was implicitly convicted for aggravated battery on a person over age 65 at his probation revocation hearing, that his sentence on the probation revocation was enhanced based on this conviction, and that he faces further collateral consequences now that he has been arrested again.

We agree. Unlike the petitioner in Spencer, Mattern's probation revocation judgment and sentence has been used to enhance his new sentence, and Mattern has suffered collateral consequences.  Accordingly, we conclude that the district court erred in finding that Mattern's habeas petition was moot.

That conclusion does not, however, end our inquiry.  The magistrate judge

6

found that Mattern's claims were time-barred and Mattern should have known through due diligence that his prior conviction was listed as aggravated battery on his sentencing score sheet. Mattern's original conviction became final on October 8, 1998. He was sentenced for revocation of probation on June 15, 1999, and his state post-conviction motions were denied in August 1999 and October 2000. But Mattern did not file his federal habeas petition until April 2001.

Section 2244(d) of Title 28 provides that the one-year statute of limitations period for habeas petitions runs from "the latest of – (A) the date on which the judgment became final by the conclusion of direct review . . . or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D).

As the magistrate judge correctly noted, more than one year elapsed between the finality of Mattern's original conviction and the date on which he filed his federal habeas petition. Thus, if § 2244(d)(1)(A) triggers the limitations period, the petition was untimely. However, if the factual predicate for the claims was not known until some later date, such as the date on which he was sentenced for the probation revocation, the later date would be the trigger for the limitations period. 28 U.S.C. § 2244(d)(1)(D). Mattern contends that he did not know of the factual predicate of his claim until he was sentenced at the probation revocation hearing,

7

and, therefore his petition is timely.

Although the magistrate judge found that Mattern should have known of the factual predicate of his claims earlier through due diligence, the district court did not render its decision on this ground, nor did it hold an evidentiary hearing to consider the issue. Therefore, we conclude that an evidentiary hearing is necessary to determine whether Mattern knew or should have known of the factual predicate for his claims earlier through due diligence. Accordingly, we vacate and remand for the district court to conduct an evidentiary hearing addressing the timeliness issue.

VACATED and REMANDED.