[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 09, 2007
THOMAS K. KAHN
CLERK

No. 06-16248
Non-Argument Calendar
_____

D. C. Docket No. 04-00450-CV-T-N

GARY WADE WILLIAMS,

Petitioner-Appellant,

versus

SANDRA CARTER, Superintendent,
TROY KING, The Attorney General
of the State of Alabama,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

**(November 9, 2007)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Gary Wade Williams, a state prisoner, filed a *pro se* petition for writ of habeas corpus on May 10, 2004, challenging the Alabama Department of Corrections' ("ADOC") revocation of his statutory and incentive good time ("good time") credits in violation of *ex post facto* principles and his due process rights.[1] Williams's exhibits and case history reveal that he was sentenced in 1982 to 50 years' imprisonment for robbery and attempted rape ("robbery sentence"). He was convicted of murder and sentenced to a life sentence in 1983 ("life sentence").

In a brief accompanying his petition, Williams clarified that he was not seeking good time credits on his murder sentence, but wanted the credits that he earned to be applied to his robbery sentence because he still was serving time on that expired sentence, which affected his "classification, prison employment, and future parole considerations." Kathy Holt, ADOC's director of records, submitted an affidavit stating that Williams received his statutory good time credit, but lost his incentive good time credit due to "a major disciplinary of Possession of Contraband," and he completed his robbery sentence on June 11, 2006, at which time he began serving his life sentence. On September 15, 2006, the district court concluded that, based on Holt's affidavit, the case was moot because Williams only

_____

[1] Williams is serving his sentence in the State of Washington, pursuant to a compact between Alabama and Washington.

2

challenged "allegedly improperly revoked good-conduct credits" on a sentence that since had expired.

On appeal, Williams reasserts that the case is not moot because collateral consequences resulting from ADOC's miscalculation of his robbery sentence remain, namely, that his "classification, prison employment, and future parole considerations" are affected.

We review the issue of whether a case is moot *de novo*. *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007). Issues raised for the first time in a reply brief are waived. *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999). We also have held that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies," and "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 1253, 108 L. Ed. 2d 400 (1990). Normally, when a habeas petitioner elects to attack only his sentence, and the sentence expires before final adjudication, the case is moot.

3

*Lane v. Williams*, 455 U.S. 624, 631, 102 S. Ct. 1322, 1327, 71 L. Ed. 2d 508 (1982) (holding that the petitioners could not challenge their parole violations because they were released from prison and their parole term expired). The Supreme Court has held, however, that a case is not moot as long as some collateral consequences of the petitioner's conviction remain. *Carafas v. LaVallee*, 391 U.S. 234, 237-38, 88 S. Ct. 1556, 1559, 20 L. Ed. 2d 554 (1968). Additionally, while the Supreme Court has acknowledged that it will presume collateral consequences when a petitioner is attacking his criminal conviction, as the fact that a conviction carries with it collateral consequences is obvious, it requires that a petitioner must prove collateral consequences when he attacks his parole revocation, as a parole violation does not result in similar statutory collateral consequences, only non-statutory discretionary decisions. *Spencer v. Kemna*, 523 U.S. 1, 8, 14, 118 S. Ct. 978, 983, 986, 140 L. Ed. 2d 43 (1998). A petitioner challenging a parole revocation does not establish collateral circumstances when he alleges only that the expired revocation might affect his future parole considerations when parole is discretionary. *Id.* at 14, 118 S. Ct. at 986.

We have not addressed whether a case is moot when a habeas petitioner, serving consecutive sentences, challenges a prior, expired sentence, but we have held that a prisoner may challenge a sentence resulting from an unconstitutional

4

conviction when the sentence delayed the date on which a valid sentence began. *See Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990). Additionally, we have held that a habeas petitioner established that collateral consequences resulted from his parole revocation when the revocation subsequently was used to enhance a new sentence, and thus the case was not moot. *Mattern*, 494 F.3d at 1285-86.

Under Alabama law, "[n]o prisoner shall be released on parole merely as a reward for good conduct . . . but only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that" the inmate will not violate the law if released. Ala. Code § 15-22-26. The Alabama Supreme Court has interpreted § 15-22-26 to give the Alabama Board of Pardons and Paroles total discretion in the granting of parole. *Thompson v. Bd. of Pardons and Paroles*, 806 So.2d 374, 375 (Ala. 2001).

Because we conclude from the record that Williams has not sufficiently alleged collateral consequences, we agree with the district court's finding that the case is moot. Williams does nothing more than make a general allegation that his miscalculated robbery sentence affects his "classification, prison employment and future parole classification." That is not sufficient, particularly since parole is discretionary in Alabama. *See Spencer*, 523 U.S. at 14, 118 S. Ct. at 986; *Thompson*, 806 So.2d at 375.

**AFFIRMED.**

5