[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15047
Non-Argument Calendar

_____

D. C. Docket No. 05-00373-CV-T-N

JOSEPH EDWIN MITCHELL,

Petitioner-Appellant,

versus

SCOTT MIDDLEBROOKS,
Warden,
MICHAEL ZENK,
Warden of the United States Prison
in Atlanta, Georgia,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(July 18, 2008)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Joseph Mitchell, a former federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2241 petition as moot. Mitchell contends that, even though he has already been released from prison, his case is not moot because the Bureau of Prisons improperly denied him a one year reduction to his sentence, causing him to serve an extra year of prison time and delaying the commencement of his supervised release.

## I.

At the time Mitchell filed his § 2241 petition in the district court, he was serving a forty-six month sentence, with three years of supervised release to follow, for trafficking in counterfeit labels for copies of computer programs, in violation of 18 U.S.C. § 2318. While incarcerated, Mitchell was initially advised by the BOP that he was eligible for up to a one year reduction of his sentence if he completed the prison's residential drug abuse program. Mitchell entered the program on April 1, 2004. Although Mitchell continued in the program, the BOP withdrew its approval of any reduction of his sentence on that basis because it determined that Mitchell's prior felony conviction for DUI manslaughter

constituted non-negligent homicide, which disqualified him for early release under the criteria used by the BOP. Mitchell did complete the program.

After unsuccessfully challenging that decision through the appropriate administrative review process, Mitchell filed a § 2241 petition in the United States District Court for the Middle District of Alabama. The petition requested Mitchell's "immediate release to community corrections to complete the requirements of his early release pursuant to 18 U.S.C. § 3621(e)."

While his § 2241 petition was pending before the district court, however, Mitchell completed his full forty-six month sentence and was released from prison on October 20, 2006. In light of those events, the magistrate judge issued a report and recommendation suggesting that the district court dismiss Mitchell's petition as moot. The magistrate noted that Mitchell's petition requested release to a community corrections center for completion of the early release requirements but that his sentence had already expired. Accordingly, the magistrate recommended that the petition be dismissed because there was no longer a live case or controversy.

Mitchell objected to the magistrate judge's report and recommendation, arguing that his petition was not moot because, had he received the one year sentence reduction, he would complete his supervised release a year earlier. He

3

also requested permission to modify the request for relief in his habeas petition to include the termination of his supervised release. The district court overruled Mitchell's objections, adopted the magistrate's report and recommendation, and denied Mitchell's § 2241 petition as moot. Mitchell timely appealed.[1]

## II.

"The issue of whether a case is moot is a question of law that we review <u>de novo</u>." <u>Mattern v. Sec'y for the Dep't of Corr.</u>, 494 F.3d 1282, 1285 (11th Cir. 2007). The respondent carries the burden of establishing that a claim is moot. <u>Id.</u>

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" or "Controversies." U.S. Const. art. III, § 2. "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" <u>Soliman v. United States ex rel. INS</u>, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Id.</u> (internal quotation marks and citation omitted) (alteration in original). Thus, if an event occurring after the filing of the lawsuit deprives "the court of the ability to

---

[1] Although the district court also denied Mitchell's motion for a certificate of appealability, this Court may nonetheless review the appeal because "a federal prisoner who proceeds under § 2241 does not need a COA to proceed." <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. (internal quotation marks and citation omitted); see also Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998) ("Throughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" (citation omitted)).

In Dawson v. Scott, 50 F.3d 884 (11th Cir. 1995), this Court addressed a mootness argument similar to the one made by the government here. Dawson had pleaded guilty to drug-related charges and was sentenced to a term of imprisonment as well as three years of supervised release. Id. at 886. While still a federal prisoner, Dawson filed a § 2241 petition seeking credit against his sentence for the time he had spent in halfway and safe houses following his arrest. Id. After the district court denied Dawson's petition, he appealed. Id. Because Dawson was subsequently released from prison, however, the government moved this Court to dismiss the appeal as moot. Id. at 886 n.2. We rejected the government's mootness argument, noting that Dawson was "still serving his term of supervised release, which is part of his sentence and involves some restrictions upon his liberty." Id. We held that Dawson's appeal was not moot "[b]ecause success for Dawson could alter the supervised release portion of his sentence."

Id.; see also United States v. Page, 69 F.3d 482, 488 n.4 (11th Cir. 1995) (holding that an appeal was not moot where the defendants had been released from prison but were still serving their terms of supervised release).

The facts of this case are materially indistinguishable from Dawson. Mitchell filed his § 2241 petition while he was still a federal prisoner and his petition alleged that he was being forced to serve too much time in prison. As in Dawson, Mitchell was released from prison and began serving his supervised release during the pendency of the action. The fact that he was released from prison, however, does not by itself render Mitchell's petition moot because, as in Dawson, the supervised release he is currently serving "is part of his sentence and involves some restrictions upon his liberty." Dawson, 50 F.3d at 886 n.2. Moreover, although Mitchell's original petition requested release, he has since asked for permission to modify the request for relief to include the termination of his supervised release. Success for Mitchell in his § 2241 petition could, therefore, "alter the supervised release portion of his sentence." Id.

In support of its mootness argument, the government's brief cites to United States v. Johnson, 529 U.S. 53, 120 S. Ct. 1114 (2000), which the Supreme Court issued after our Dawson decision. In Johnson, a federal prisoner was set free after serving too much prison time. Id. at 54, 120 S. Ct. at 1116. The question before

6

the Supreme Court was "whether the excess prison time should be credited to the supervised release term, reducing its length." Id. The Court interpreted the language of 18 U.S.C. § 3624(e) to mean that supervised release "does not run while an individual remains in the custody of the Bureau of Prisons." Id. at 57, 120 S. Ct. at 1117–18. However, the Court in Johnson went on to observe that "[t]here can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term" and noted that trial courts have discretion to modify the conditions and length of an individual's supervised release under § 3583(e). Id. at 60, 120 S. Ct. at 1119.

The Supreme Court's Johnson decision does not undermine our reasoning in Dawson. Our rejection of the government's mootness argument in Dawson hinged upon the liberty restrictions that supervised release imposes as well as the fact that success on appeal could have altered the supervised release portion of the petitioner's sentence. See Dawson, 50 F.3d at 886. Although Johnson stands for the proposition that 18 U.S.C. § 3624(e) does not "by its own necessary operation . . . reduce the length of a supervised release term by reason of excess time served in prison," the decision also recognized that sentencing courts have the authority both to modify conditions of supervised release and to terminate supervised release altogether after the completion of one year. Johnson, 529 U.S. at 60, 120

7

S. Ct. at 1119; see also 18 U.S.C. § 3583(e)(1) & (2). Johnson did not, therefore, alter our holding in Dawson that an appeal is not moot where a former prisoner is still serving a term of supervised release, which imposes restrictions on his liberty and could be altered following success on appeal.

Although we express no views on the merits of the petition, we hold that Mitchell's § 2241 petition is not moot because it is possible he could receive a reduced or modified term of supervised release from the sentencing court if he succeeds in this habeas proceeding.[2] We note that every other circuit to consider the issue has reached the same result. See Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006); Levine v. Apker, 455 F.3d 71, 76–77 (2d Cir. 2006); United States v. Larson, 417 F.3d 741, 747 (7th Cir. 2005); United States v. Castro-Rocha, 323 F.3d 846, 847 n.1 (10th Cir. 2003), abrogated on other grounds by Lopez v. Gonzales, 549 U.S. 47, 127 S. Ct. 625 (2006); United States v. Molak, 276 F.3d 45, 48–49 (1st Cir. 2002); United States v. McCoy, 313 F.3d 561, 564 (D.C. Cir. 2002) (en banc); Gunderson v. Hood, 268 F.3d 1149, 1153 (9th Cir. 2001).

**REVERSED AND REMANDED.**

---

[2] Mitchell additionally contends on appeal that the rule of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), which requires a successful habeas petition before filing a § 1983 lawsuit, constitutes a collateral consequence and therefore renders his claim not moot. Because we have already determined that his petition is not moot, we need not address that argument.

8