[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11599

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARL BENNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:05-cr-00008-WTM-CLR-1

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Carl Bennett appeals the revocation of his supervised release and subsequent sentence of 14 months' imprisonment, followed by 24 months of supervised release. On appeal, Bennett argues that the district court plainly erred when it questioned him during his allocution at the revocation hearing, in violation of his privilege against compelled self-incrimination and due process rights. The government in response argues that Bennett's appeal is moot because he has completed his incarceration term and does not challenge his current term of supervised release. As explained below, we affirm.

## I.

Questions of constitutional law are reviewed *de novo*. *United States v. Whatley*, 719 F.3d 1206, 1213 (11th Cir. 2013). In reviewing a sentencing court's revocation of supervised release, the "court's findings of fact are binding on this [C]ourt unless clearly erroneous." *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993) (quoting *United States v. Granderson*, 969 F.2d 980, 982 (11th Cir. 1992)); *accord United States v. Forbes*, 888 F.2d 752, 754 (11th Cir. 1989).

Plain-error review applies to a sentencing challenge raised for the first time on appeal. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). To establish plain error, a defendant

must show there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* If all three factors are established, this Court may exercise its discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* An error is plain if it is clearly contrary to settled law. *Id.* If this Court would have to speculate about whether the result would have been different, the defendant has not met his burden of showing prejudice. *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

The issue of whether a case is moot is a question of law reviewed *de novo*. *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007). "A case on appeal becomes moot, and ceases to be a case or controversy, 'when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)). To overcome a claim of mootness, a defendant who wishes to challenge an expired sentence must show that he suffers from a "collateral consequence" of his sentence. *United States v. Juv. Male*, 564 U.S. 932, 936 (2011). The collateral consequence must be "an actual injury traceable to the [sentence] and likely to be redressed by a favorable" outcome on appeal. *Id.* (quoting *Spencer v. Kenma*, 523 U.S. 1, 7 (1998)).

A sentencing appeal is generally moot when the sentence already has been served. *United States v. Farmer*, 923 F.2d 1557, 1568 (11th Cir. 1991). However, even if a sentence of

imprisonment has already been served, an appeal is not moot if success on appeal could alter the supervised release portion of a defendant's sentence. *Compare Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (holding that, even though the defendant had completed his incarceration term, his appeal was not moot "[b]ecause success for Dawson could alter the supervised release portion of his sentence"), *with Farmer*, 923 F.2d at 1568 (explaining that an appeal was moot where Farmer "ha[d] not advanced any argument that 'there may be benefits in having his sentence reduced after he ha[d] already served that sentence'" and was not on supervised release (omission adopted) (quoting *North Carolina v. Rice*, 404 U.S. 244, 248 (1971))). Because the question of mootness is jurisdictional in nature, it may be raised by the court *sua sponte*, regardless of whether a party briefed the issue. *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005). We are obligated to review *sua sponte* whether we have jurisdiction at any point in the appellate process. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

## II.

Because probation and supervised release are, in fact, conceptually the same, courts treat revocations the same whether they involve probation or supervised release. *United States v. Frazier*, 26 F.3d 110, 113 (11th Cir. 1994). A defendant's supervised release may be revoked if the district court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).

The Fifth Amendment provides that "[no] person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "Because the revocation of supervised release is 'not a stage of a criminal prosecution,' 'the full panoply of rights due to a defendant' in criminal prosecutions 'does not apply to revocations'" of supervised release. *United States v. Dennis*, 26 F.4th 922, 927 (11th Cir. 2022) (omission adopted) (first quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); then quoting *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972)). Regardless of whether the answer to a question is compelled by the threat of revocation, the privilege against self-incrimination is not available to a defendant during a supervised-release-revocation hearing when there is no threat of a separate criminal prosecution. *See Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984).

The Fourteenth Amendment due process provisions contemplate that a revocation hearing "must comport with principles of fundamental fairness." *United States v. Taylor*, 605 F.2d 851, 853 (5th Cir. 1979). Thus, a defendant must be afforded "certain minimal due process requirements" during a revocation hearing. *Frazier*, 26 F.3d at 114. The minimum due process requirements include: (a) written notice of the claimed violations; (b) disclosure of the evidence against the person; (c) an opportunity to be heard in person and to present evidence; (d) the right to confront and cross-examine witnesses; (e) a "neutral and detached" hearing body; and (f) a written statement by the factfinders indicating the evidence upon which they relied and their reasons for revoking

supervision. *Morissey*, 408 U.S. at 488–89; *see also* Fed. R. Crim. P. 32.1(b)(2).

Here, we conclude that this appeal is not rendered moot by Bennett's completion of his incarceration term, as a favorable outcome in this appeal would impact the date his current supervised-release term ends. *See Dawson*, 50 F.3d at 866 n.2.

Nevertheless, even assuming, *arguendo*, that Bennett could show that the court committed error that was plain by questioning him in violation of his privilege against compelled self-incrimination and due process rights, he cannot establish that the error affected his substantial rights. *See Henderson*, 409 F.3d at 1307. Indeed, it is unclear whether he would have received a shorter prison sentence without the district court's alleged improper questioning. *See Rodriguez*, 398 F.3d at 1301.

Accordingly, we affirm the district court.

**AFFIRMED.**