[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10562

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIAM LESLIE NEW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:15-cr-00116-TFM-B-1

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Domingo Soto, appointed counsel for William Leslie New in this appeal from the district court's judgment revoking New's supervised release and ordering him imprisoned, has filed a motion to withdraw on appeal, supported by a brief prepared pursuant to *Anders v. California*, 386 U.S. 738 (1967). Before we can consider counsel's motion, however, we must determine whether we have jurisdiction.

In 2015, New was convicted of making a false statement in connection with an attempt to acquire a firearm and was sentenced to 21 months' imprisonment followed by a term of supervised release. On multiple occasions, the district court found that New had violated the terms of his supervised release and revoked his supervised release. Most recently, in October 2021, the district court found that New violated the terms of his supervised release by using cocaine. The district court revoked New's supervised release and sentenced him to a term of 12 months' imprisonment, with no supervised release term to follow. The court ordered New to begin serving his sentence in January 2022. New appealed in February 2022. Soto was later appointed to represent New and, seeing no arguable issue of merit, moved to withdraw. New was released from imprisonment in January 2023.

Because of New's release, we must consider whether this appeal is moot. We have no authority "to give opinions upon moot questions . . . or to declare principles or rules of law which cannot affect the matter in issue in the case before [us]." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (internal quotation marks omitted). A case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). One issue in a case may become moot, but the case as a whole remains alive so long as other issues have not become moot. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981).

A defendant's release from custody does not moot his case so long as he is still serving a term of supervised release because he remains subject to a restraint on liberty. *United States v. Page*, 69 F.3d 482, 487 n.4 (11th Cir. 1995). In addition, the case of a defendant who is no longer in custody or serving a term of supervised release is not moot so long as the defendant experiences some continuing collateral consequence from the judgment he is seeking to challenge. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). In general, we "presume that a wrongful criminal conviction has continuing collateral consequences." *Id.* But this same presumption does not apply when a defendant who is no longer in custody or serving a term of supervised release challenges a judgment that revoked his supervised release. *See id.* at 14. Such a defendant may challenge a revocation decision only if he can show that he faces actual collateral

consequences as a result of the revocation decision. *See Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285-86 (11th Cir. 2007).

Here, the judgment New is appealing did not convict him of any crime or impose any term of supervised release. Instead, it found that he had violated the terms of his supervised release and ordered him reincarcerated on a prior conviction. That period of reincarceration "is now over[] and cannot be undone." *Spencer*, 523 U.S. at 8. In addition, we see no indication that New faces any collateral consequence as a result of the revocation decision. Accordingly, we conclude that this appeal no longer presents a live controversy as to which we can grant meaningful relief.

We **DISMISS** this appeal as moot and **DENY AS MOOT** all pending motions, including Soto's motion to withdraw.

**APPEAL DISMISSED.**