[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12517

Non-Argument Calendar

_____

TERRI MCGUIRE-MOLLICA,

Petitioner-Appellant,

*versus*

WARDEN, FCI MARIANNA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:23-cv-00038-MCR-MAL

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Terri McGuire-Mollica, a federal prisoner proceeding *pro se,* appeals the district court's order dismissing her 28 U.S.C. § 2241 habeas corpus petition in which she asserted that the Bureau of Prisons ("BOP") violated the separation of powers doctrine by requiring her to serve 50 percent or more of her sentence before it would consider transferring her to home confinement, as well as the order denying her motion for reconsideration of the same. The government, in turn, moves for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c).

We liberally construe *pro se* pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (explaining that federal courts should look beyond the label of *pro se* pleadings to determine proper characterization but should not rewrite pleadings on behalf of the litigant).

We review *de novo* the district court's denial of habeas relief under § 2241 and review its fact findings for clear error. *Bowers v. Keller*, 651 F.3d 1277, 1291 (11th Cir. 2011). Whether a case is moot is a question of law that we review *de novo*. *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007).

Section 2241 of Title 28 of the U.S. Code authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A prisoner sentenced by a federal court . . . may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." *McCarthan v. Dir. Of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092-93 (11th Cir. 2017) (*en banc*).

The BOP has independent authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). As a result of the COVID-19 pandemic, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") permitted the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2), "as the Director determine[d] appropriate." CARES Act, Pub. L. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2000). Neither § 3624(c)(2) nor the CARES Act expressly provide the judiciary any authority to grant an inmate home confinement. *See* 18 U.S.C. § 3624(c)(2); CARES Act § 12003(b)(2).

The BOP had expanded authority and discretion to transfer inmates to home confinement under the CARES Act for the duration of the "covered emergency period." CARES Act § 12003(b)(2). The Act defined the "covered emergency period" as:

> the period beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) and ending on the date that is 30 days after the date on which the national emergency declaration terminates . . . .

*Id.* § 12003(a)(2).

On April 10, 2023, President Biden signed into law a joint resolution terminating the national emergency related to COVID-19. H.J. Res. 7, Pub. L. No. 118-3, 137 Stat. 6 (2023).

"A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation marks omitted). If the matter is moot, the "mootness, however it may have come about, simply deprives us of our power to act." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). There is an exception to the mootness doctrine for cases that are "capable of repetition yet evading review." *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1342 (11th Cir. 2014). This exception to the doctrine "applies where (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a

reasonable expectation that the same complaining party will be subject to the same action again." *Id.* at 1343. A court offers an impermissible advisory opinion when it issues a decision on the merits of a moot case or issue. *Djadju v. Vega*, 32 F.4th 1102, 1108 (11th Cir. 2022).

Summary affirmance of this appeal is warranted because McGuire-Mollica's claim is moot. Her claim in the district court—made clear in her objection to the magistrate judge's report and recommendation—was that there was a separation of powers violation—i.e. she claims that the BOP's rule requiring her to serve 50% of her sentence before becoming eligible for home confinement adds an additional requirement not found in (and therefore inconsistent with) the CARES Act. In other words, her claim is that she is entitled to consideration for home confinement under the CARES Act without having served 50% of her sentence. However, because President Biden signed into law on April 10, 2023, the joint resolution terminating the national emergency related to COVID-19, the provisions of the CARES Act expired 30 days later, on May 10, 2023. Therefore, McGuire-Mollica's claim, which relies on the CARES Act, is moot. McGuire-Mollica wholly fails to establish that this case is one that is capable of repetition, yet evading review, because the temporarily expanded authority to order home confinement under the CARES Act has expired.[1]

---

[1] We acknowledge that McGuire-Mollica seems to be attempting to reframe her claim on appeal. However, even if we were inclined to entertain a new claim on appeal, she has fallen far short of articulating a viable claim.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED**.