*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

UNITED STATES of America, Appellee

v.

Mark E. BUNDY, Appellant.

No. 09–3049.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 3, 2010.

Sarah Chasson, Assistant U.S. Attorney, Mary B. McCord, Esquire, Assistant U.S., Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A. J. Kramer, Federal Public Defender, Mary Manning Petras, Assistant Federal Public Defender, Office of the Federal Public Defender (FPD), Washington, DC, for Appellant.

Before: ROGERS, TATEL and GRIFFITH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal from an order of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED and ADJUDGED** that the appeal be dismissed as moot.

In 1997, Mark Bundy was sentenced to 144 months' imprisonment for his role in a drug trafficking conspiracy. Under 21 U.S.C. § 841(b)(1)(A), he also received a mandatory term of 5 years' supervised release. In 2008, Bundy requested a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court concluded Bundy was ineligible for the reduction. Bundy appealed. On September 28, 2009, during the pendency of this appeal, Bundy completed his prison term and began his term of supervised release.

"[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed" as moot. *Church of Scientology of California v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (*quoting Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895)). Bundy's release moots this matter. He can no longer obtain a lower prison sentence, *see* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(2)(C) [hereinafter U.S.S.G.], and any reduction in his statutorily mandated term of supervised release cannot be had under § 3582(c)(2), *see United States v. Lafayette,* 585 F.3d 435, 440 (D.C.Cir.2009).

Bundy argues there remains a live controversy because the legal issue on appeal—his eligibility for a sentence reduction—could have some bearing on his future ability to secure early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Even assuming his mandatory term of supervised release could be reduced, Bundy's argument

faces two problems. First, Bundy is not yet eligible for relief under § 3583(e)(1) because he has not completed one year of supervised release. *See* 18 U.S.C. § 3583(e)(1). Second, the inability to obtain a reduced sentence on account of the completion of a prison term, though potentially relevant, *see* U.S.S.G. § 1B1.10 Application Note 4(B), is only one of many factors guiding the district court's exercise of its discretion under § 3583(e)(1). The prospect that our resolution of the instant appeal will influence the district court to exercise its discretion to terminate Bundy's supervised release under § 3583(e)(1) "is so speculative that any decision on the merits" "would be merely advisory and not in keeping with Article III's restriction of power" to live cases or controversies. *Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir.2009); *see United States v. Blackburn*, 461 F.3d 259, 262 (2d Cir. 2006); *cf. Spencer v. Kemna*, 523 U.S. 1, 14, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

Bundy's reliance on *United States v. McCoy*, 313 F.3d 561 (D.C.Cir.2002) (en banc), is misplaced. In *McCoy*, the defendant's appeal was not moot, despite her release from prison and commencement of supervised release, because the case came to this court as a direct appeal from the sentencing proceeding in which the term of supervised release was imposed. *Id.* at 564. As such, the court could affect relief by vacating the term of supervised release and remanding for resentencing. *See id.* The same cannot be said here. It is

**FURTHER ORDERED** that the memorandum and order of the district court challenged on appeal be vacated and the case be remanded to the district court with instructions to dismiss Bundy's motion for a reduced sentence as moot. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *United States v. Schaffer*, 240 F.3d 35, 38 (D.C.Cir.2001) (en banc).

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).