**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID THOMAS RHODES,

     Petitioner–Appellant,

v.

DAN JUDISCAK, Regional Vice
President, Dismas Charities, Inc.,

     Respondent–Appellee.

No. 10-2268

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:10-CV-00501-JCH-RHS)**

---

Submitted on the briefs:[*]

Petitioner–Appellant David Thomas Rhodes, Hobbs, New Mexico, Pro Se.

Andrea W. Hattan, Assistant U.S. Attorney (Kenneth J. Gonzales, U.S. Attorney with her on the briefs), Las Cruces, New Mexico, for Respondent–Appellee.

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

    [*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).

**LUCERO**, Circuit Judge.

David Thomas Rhodes appeals the district court's order dismissing his 28 U.S.C. § 2241 petition as moot.[1] Rhodes' petition challenges only the length of his prison sentence. But he concedes he is no longer in prison. Although he remains subject to a long term of supervised release, this court cannot issue a judgment on his § 2241 petition that will shorten his supervised release term. Exercising jurisdiction under 28 U.S.C. § 1291, and reviewing de novo, see Faustin v. City & County of Denver, 268 F.3d 942, 947 (10th Cir. 2001), we affirm.

**I**

Rhodes was convicted on drug-related charges in 1993, and sentenced to twenty years' imprisonment and ten years' supervised release. He filed this § 2241 petition in 2010, challenging the Federal Bureau of Prisons' calculation of his sentence. After discovering that Rhodes was no longer in prison, the district court ordered him to show cause why his § 2241 petition should not be dismissed as moot. Rhodes conceded that he was no longer incarcerated, but claimed he could still challenge his sentence. He argued that, had his sentence been shorter, he would have started his term of supervised release earlier, and was consequently "suffering from collateral consequences from conviction

---

[1] We liberally construe Rhodes' pleadings because he proceeds pro se. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But this pro se petition does not demand solicitous reading. Rhodes understands the law, writes exceptionally clearly, and has advanced his federal habeas claims in a thoroughly lawyerly manner.

adequate to meet Article III's injury in fact requirement." The district court dismissed the petition as moot, concluding that even if Rhodes' argument were correct, the court had no authority to shorten the length of his supervised release.

## II

Federal judicial power is limited by the Constitution to "Cases" and "Controversies," U.S. Const. art. III, § 2, and the case-or-controversy limitation underpins both standing and mootness jurisprudence. Friends of the Earth v. Laidlaw Envtl. Servs., 528 U.S. 167, 180 (2000). Thus a case is moot unless, among other things, a plaintiff has "suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983).

Rhodes has been released from prison. That does not necessarily moot his habeas petition. See, e.g., Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). Insofar as an ex-prisoner continues to suffer "collateral consequences" from a conviction, his habeas corpus challenge to that conviction is not moot—the habeas petitioner retains "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." Id. at 237 (quotation omitted). Being on supervised release can amount to a collateral consequence, "because the defendant's liberty is affected by ongoing obligations to comply with supervised release conditions and restrictions." United States v. Vera-Flores, 496 F.3d 1177, 1180 (10th Cir. 2007). Thus, "a defendant who has served his term of imprisonment but is still serving a term of supervised release may challenge his sentence if his unexpired term of supervised release could be reduced

- 3 -

or eliminated by a favorable appellate ruling." Id.

Rhodes relies on this very argument in his attempt to defeat mootness. But Rhodes' release from prison is not the problem with his § 2241 petition. The question is not whether the petition, which challenges only the calculation of Rhodes' prison sentence, asserts a collateral consequence, but whether it asserts a redressable collateral consequence.

**A**

To the extent that Rhodes' challenge to his prison sentence asks for a shorter term of imprisonment, it is obviously moot now that he has been released from prison. But Rhodes advances a different argument for relief—that a favorable decision on his § 2241 petition might bolster his eventual request for shortened supervised release under 18 U.S.C. § 3583(e)(1).

Section 3583(e)(1) gives a federal district court the authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Whether to grant a motion to terminate a term of supervised release under § 3583(e)(1) is a matter of district court discretion. See United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011).

In his § 2241 petition, Rhodes argues only that his sentence was improperly calculated. Even if that assertion is correct, United States Supreme Court precedent clearly prohibits us from modifying a supervised release term to make up for a too-long

prison sentence.  See United States v. Johnson, 529 U.S. 53, 59 (2000); Crawford v. Booker, 2000 WL 1179782, at *2 (10th Cir. Aug. 21, 2000) (unpublished).  Nevertheless, the argument goes, although we cannot directly shorten Rhodes' term of supervised release, we can give him ammunition for his eventual § 3583(e)(1) petition by proclaiming that he was in prison longer than he should have been.

As it turns out, our sister circuits are split on whether such an argument defeats mootness.

## B

In Johnson v. Pettiford, which involved a § 2241 petitioner in the same situation as Rhodes, the Fifth Circuit explained (without further analysis) that "the possibility that the district court may alter [the petitioner's] period of supervised release pursuant to [§ 3583(e)(1)], if it determines that he has served excess prison time, prevents [the] petition from being moot."  442 F.3d 917, 918 (5th Cir. 2006) (per curiam).  Similarly, in Reynolds v. Thomas, the Ninth Circuit held (also without analysis) that an allegation of "over-incarceration" presented in a § 2241 petition was not moot because a district court "could consider [the excess prison time] under [§ 3583(e)(1)] as a factor weighing in favor of reducing the term of supervised release."  603 F.3d 1144, 1148 (9th Cir. 2010).  And in Cleckler v. United States, the Eleventh Circuit was even more laconic, resolving the matter with the statement that the petitioner's federal habeas claim "is not moot because he is still serving his supervised release term and that term could change if he prevailed on appeal," 410 F. App'x 279, 283 (11th Cir. 2011) (unpublished), while

declining to explain just how the supervised release term could be modified in light of Johnson, 529 U.S. at 59.

An opposite conclusion was reached by the Third Circuit in Burkey v. Marberry, 556 F.3d 142, 144-45 (3d Cir. 2009). The panel explained that whether a particular collateral consequence is sufficient to defeat mootness turns on "the likelihood that a favorable decision would redress the injury or wrong." Id. at 148 (citing Spencer v. Kemna, 523 U.S. 1, 14-16 (1998)) (quotation omitted). By analogy to Spencer, in which "the Court rejected numerous collateral consequences proffered by the petitioner because they were no more than 'a possibility rather than a certainty or even a probability,' or pure speculation," the Third Circuit dismissed the § 2241 petition as moot because "[t]he 'likely' outcome here is not that the District Court's order will cause the sentencing court . . . to reduce [the petitioner's] term of supervised release." Burkey, 556 F.3d at 148. Instead, to get the relief he wanted, the petitioner would have to file a § 3583(e)(1) motion in his sentencing court, a motion which the sentencing court had broad discretion to grant or deny. Burkey, 556 F.3d at 148-49. "The possibility that the sentencing court will use its discretion to modify the length of [the] term of supervised release under [§] 3583(e) . . . is so speculative that any decision on the merits [of the § 2241 petitioner's challenge to his sentence] by the District Court would be merely advisory and not in keeping with Article III's restriction of power." Burkey, 556 F.3d at 149.

In an unpublished decision, the District of Columbia Circuit recently followed Burkey. See United States v. Bundy, 391 F. App'x 886, 887 (D.C. Cir. 2010)

(unpublished) ("The prospect that our resolution of the [§ 2241 petitioner's] instant appeal [challenging his sentence] will influence the district court to exercise its discretion to terminate [his] supervised release under § 3583(e)(1) is so speculative that any decision on the merits would be merely advisory. . . ." (quotation omitted)).

## C

We agree with the result suggested by the Third and District of Columbia Circuits, that Rhodes' § 2241 petition does not assert a redressable injury. But we base our conclusion on a somewhat different rationale.

In this case, whether Rhodes' eventual success in a § 3583(e)(1) petition is "likely" or "speculative" is immaterial. What matters is that the injury he complains of (his excessive sentence) is not redressable because neither this court nor the district court below can issue a judgment that would remedy the harm he allegedly suffered. An issue is moot if it is "impossible for the court to grant any effectual relief whatsoever . . . to a prevailing party." United States v. Hahn, 359 F.3d 1315, 1323 (10th Cir. 2004) (quotation omitted); see also Iron Arrow Honor Soc'y, 464 U.S. at 70 (if a favorable decision cannot redress any complained-of injury, a case is moot).

It is on redressability that Rhodes' § 2241 petition fails. He challenges only the length of his prison sentence. We cannot modify that sentence now that it has been completed. And we are not allowed to give him a judicial make-up call by shortening his supervised release term. See Johnson, 529 U.S. at 59. Accordingly, the best this court could do for him would be to declare that he spent longer in prison than he should have.

That is, all we could do is enter an advisory opinion. That is not enough to satisfy Article III.

Rhodes has not asked a district court to reduce his term of supervised release under § 3583(e)(1).[2] Rhodes merely asserts that, if he <u>were</u> to pursue such a remedy, it might be helpful for him to have something from us saying his sentence was too long. In other words, at this point it is entirely speculative whether anything we do will aid Rhodes in the future. But Rhodes' petition overlooks the principle that to defeat mootness "it must be the effect of the court's <u>judgment</u> on the defendant that redresses the plaintiff's injury, whether directly or indirectly." <u>Nova Health Sys. v. Gandy</u>, 416 F.3d 1149, 1159 (10th Cir. 2005) (citations omitted and emphasis added).

> If courts may simply assume that everyone . . . will honor the legal rationales that underlie their decrees, then redressability will always exist. Redressability requires that the court be able to afford relief <u>through the exercise of its power</u>, not through the persuasive or even awe-inspiring effect of the opinion <u>explaining</u> the exercise of its power.

<u>Id.</u> (quoting <u>Franklin v. Massachusetts</u>, 505 U.S. 788, 825 (1992) (Scalia, J., concurring)) (emphasis added); <u>see also</u> <u>United States v. Juvenile Male</u>, No. 09-940 (U.S. June 27, 2011) (per curiam) ("[A] a favorable decision in this case might serve as a useful precedent for respondent in a hypothetical [future] lawsuit . . . . But this possible, indirect benefit in a future lawsuit cannot save this case from mootness.").

In resolving Rhodes' § 2241 petition, which challenges only the length of his

---

[2] In fact, he has not even been out of prison for a year, so cannot make such a request until September. <u>See</u> § 3583(e)(1).

sentence, we can <u>say</u> some things that might eventually help him. But we cannot <u>do</u> anything to help him—regarding his sentence, there is no judgment we can render that would assist him in a future challenge to his supervised release. And that is the distinction that matters. "[A]ny opinion [from this court] as to the legality of the [sentence] would be advisory." <u>City of Erie v. Pap's A.M.</u>, 529 U.S. 277, 287 (2000).

### III

Rhodes will get a chance to ask for a shorter term of supervised release. But he must ask for a judgment concerning his supervised release—in other words, he must file a § 3583(e)(1) petition (or a separate § 2241 petition challenging his supervised release). This habeas petition, challenging only his sentence, is moot. The district court's order dismissing Rhodes' § 2241 petition for that reason is **AFFIRMED**.