UNITED STATES COURT OF APPEALS

**January 5, 2012**

TENTH CIRCUIT

LYNN EUGENE SCOTT,

Petitioner - Appellant,

v.

WARDEN OF THE BUENA VISTA
CORRECTIONAL FACILITY,

Respondent - Appellee.

No. 11-1446

(D. Colorado)

(D.C. No. 1:10-CV-02716-WJH)

## ORDER DENYING
## CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Lynn Eugene Scott, proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We deny Mr. Scott a COA and dismiss this matter.

## BACKGROUND

Mr. Scott was convicted in Colorado state court on two different drug counts and, in March 2000, was sentenced to ten years' imprisonment with the Colorado Department of Corrections ("DOC"), plus a five-year period of mandatory parole. In May 2004, he was sentenced to six months' imprisonment and a two-year period of parole, respectively, for convictions on two charges of attempted escape. On June 19, 2006, the Colorado Board of Parole granted Mr. Scott early release to parole and ordered the mandatory period of parole (five years) to commence on April 11, 2007.

On July 3, 2007, a parole complaint was filed, alleging that Mr. Scott had violated numerous provisions of his parole, including absconding from parole supervision. Accordingly, on July 9, 2007, the Parole Board found Mr. Scott guilty of absconding and committing various other violations and revoked Mr. Scott's parole for 180 days. As a result, Mr. Scott returned to the DOC to serve his revocation time, and his reparole date was scheduled for January 5, 2008.

On October 19, 2007, Mr. Scott was convicted of a class II Code of Penal Discipline ("COPD") infraction for advocating for a facility disruption at Sterling Correctional.[1] This conviction is the subject of the instant habeas action. In a hearing on November 14, 2007, the Parole Board rescinded Mr. Scott's January 5, 2008, reparole date and ordered that the revocation period be extended by 180 days. Mr. Scott's reparole date was continued to May 12, 2008.

On February 19, 2008, Mr. Scott was convicted of a class II COPD infraction for possessing another inmate's legal document. In a hearing on March 11, 2008, the Parole Board rescinded Mr. Scott's May 12, 2008, reparole date and ordered that the period of revocation be extended by 150 days. Mr. Scott's reparole date was continued to August 5, 2008.

Mr. Scott was reparoled on August 5, 2008. On September 12, 2008, a parole complaint was filed against Mr. Scott, alleging various new violations of the terms of his parole, including absconsion from parole supervision and committing new crimes. Following a November 20, 2008, hearing, the Parole Board found Mr. Scott guilty of several parole violations and revoked his parole for the remainder of his term. He was therefore returned to the custody of the

---

[1]The sanctions imposed for this conviction were ten days of punitive segregation, with credit for ten days served, and thirteen days lost in good time credits. Mr. Scott filed a complaint in state district court, which court upheld the disciplinary conviction. The Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari.

DOC on November 24, 2008, to serve his parole revocation period. Mr. Scott's current discharge date is estimated to be May 3, 2012.

Mr. Scott brought the instant habeas action on November 5, 2010. He challenged the validity of his October 19, 2007, prison disciplinary conviction for advocating a facility disruption, arguing that it violated his Fourteenth Amendment Due Process Clause rights. The Warden, as respondent, did not assert any affirmative defenses such as timeliness or failure to exhaust state court remedies.

After a series of motions, responses, and other pleadings were addressed, the Warden filed a motion to dismiss the matter as moot. The district court held that it was moot, stating as follows:

> In the proceeding, Petitioner challenges the constitutionality of his October 2007 disciplinary conviction which caused the Parole Board to postpone Petitioner's reparole date for several months. However, once Petitioner was reparoled on August 5, 2008, he no longer had a redressable injury arising from the postponement. The Court cannot shorten the period of the postponement because it was terminated by Petitioner's reparole. As such, "the best this court could do for him would be to declare [in an advisory opinion] that he spent longer in prison than he should have . . . . That is not enough to satisfy Article III."

Order at 5 (quoting Rhodes v. Judiscak, 653 F.3d 1146, 1150 (10th Cir. 2011), R. Vol. 1 at 207. The district court went on to consider whether Mr. Scott had established the existence of collateral consequences as a result of the postponement of his parole following his 2007 conviction, and found that he had

-4-

not.  The court accordingly granted the Warden's motion to dismiss that petition as moot, denied the petition for a writ of habeas corpus for lack of jurisdiction, and denied Mr. Scott a COA.  Mr. Scott now seeks a COA from us to enable him to appeal the dismissal of his petition.

## DISCUSSION

Issuance of a COA is jurisdictional.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  That is, a state prisoner may not appeal from the denial of federal habeas relief unless the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(2).  In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  If the district court denied the habeas petition "on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must also, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

We agree with the district court that there is no debate as to whether Mr. Scott's claims are moot.  No reasonable jurist would conclude otherwise. Even if our opinion in Rhodes is insufficient to support the district court's

decision, the Supreme Court has made it clear that Mr. Scott's claims must fail. See Spencer v. Kemna, 523 U.S. 1 (1998) (holding that a petitioner attacking only the wrongful termination of his parole status must prove collateral consequences from the parole revocation).

## CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS this matter. We DENY Mr. Scott's request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge