BROWN, Circuit Judge,
dissenting:
Having been released from prison, Epps can neither make good on the court’s conclusion that he was eligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) nor credit any excess prison time served against his term of supervised release, see United States v. Johnson, 529 U.S. 53, 56-58, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000). Realizing this, the court attempts to evade the mootness doctrine by invoking the collateral effects its holding might have in future discretionary proceedings to reduce Epps’s terms of supervised release. Because today’s decision fails to offer a “more-than-speculative chance” of affecting Epps’s rights in the future, I would dismiss his appeal as moot. Transwestern Pipeline Co. v. FERC, 897 F.2d 570, 575 (D.C.Cir.1990).
A district court’s discretion to decide whether to terminate a defendant’s supervised release period is broad: if, having considered the sentencing factors listed in 18 U.S.C. § 3553(a), the court “is satisfied that” termination of supervised release “is warranted by the conduct of the defendant released and the interest of justice,” then the district court may elect to do so. 18 U.S.C. § 3583(e)(1). But as we previously concluded, “the inability to obtain a reduced sentence on account of the completion of a prison term, though potentially relevant, is only one of many factors guiding the district court’s exercise of its discretion under § 3583(e)(1),” rendering a decision here merely advisory. United States v. Bundy, 391 Fed.Appx. 886, 887 (D.C.Cir.2010) (per curiam) (internal citation omitted).
Bundy may not bind us, but that does not mean its reasoning is faulty. The collateral consequences of the court’s decision inhabit the realm of the hypothetical: just as a decision in Epps’s favor does not guarantee him relief under § 3583(e), neither would a decision reaching the opposite conclusion have foreclosed it. Nor, for that matter, does the court raise any argument Epps cannot make for himself. What we have, then, is an opinion that neither forces a district court to grant Epps a reduction in his supervised release period nor offers him arguments that would otherwise be unavailable to him. At most, the opinion lends Epps’s case the clout of a judicial imprimatur — something a law review article or op-ed by a well-respected jurist might similarly accomplish. The court’s attempts to sidestep mootness rely not on any precedential effect the opinion might have, but on the mere fact that it endorses Epps’s analytical position. Cf. Telecomms. Research & Action Ctr. v. FCC, 917 F.2d 585, 588 (D.C.Cir.1990) (holding, in the administrative law context, that a party may not predicate its Article III standing on the content of an agency’s legal reasoning).
By assuming its decision “would necessarily inform the district court’s evaluation of a motion for termination or reduction of his term of supervised release,” Maj. Op. *354 345, the court conflates two separate issues: whether Epps should have been allowed to pursue § 3582(c)(2) relief, and whether he actually spent too much time in prison. The court decides the former, but it is the latter that would be relevant to a district court deciding whether to modify the term of Epps’s supervised release. See Johnson, 529 U.S. at 60, 120 S.Ct. 1114 (“There can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term.”). And if Epps served an excessive prison term, that is because his original sentence was imposed when the sentencing guidelines for crack cocaine were harsher than the Sentencing Commission now deems appropriate; it does not turn on the availability of § 3582(c)(2) relief. True, had a district court reduced Epps’s sentence, it would have remedied — or at least mitigated — his injury, thereby obviating the basis for seeking subsequent modification of his supervised release term. But now that Epps has completed his prison term, whether he should have had access to this procedural avenue is irrelevant to the § 3583(e) inquiry. That Epps had no previous opportunity to reduce his sentence may have deprived him of a chance to correct a punishment that was potentially excessive in light of the amended sentencing guidelines. It is not, however, the reason the punishment was or was not excessive. What is instead important is the actual term of imprisonment served. For the purpose of § 3583(e), it matters not that Epps was erroneously denied recourse to a sentence reduction. Even if Congress had never enacted § 3582(c)(2), Epps could still invoke the sentencing guidelines’ later amendment as a reason to reduce his term of supervised release. If the sentence he served was too long, it was too long. Today’s decision in no way changes that fact; any collateral effect its holding may have is illusory.
Because Epps’s release from prison renders ineffectual any relief this Court might provide, his case is moot. See Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). I would therefore dismiss the appeal.