FILED
United States Court of Appeals
Tenth Circuit

December 28, 2011

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAX JOSEPH LESER,

      Petitioner-Appellee,

v.

ALENA BERRIDGE, f/k/a Alena
Leserova,

      Respondent-Appellant.

No. 11-1094

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:10-CV-02615-MSK-MEH)**

Ann C. Gushurst, Gutterman Griffiths, PC, Littleton, Colorado, for Respondent-Appellant.

Christelle C. Beck, (Leslie A. Frost with her on the brief), Frost & Beck, LLP, Greenwood Village, Colorado, for Petitioner-Appellee.

Before **LUCERO**, **BALDOCK**, and **HARTZ**, Circuit Judges.

**BALDOCK**, Circuit Judge.

The Hague Conference on Private International Law is "a global inter-governmental" organization that "develops and services multilateral legal instruments." HCCH Overview, http://www.hcch.net/index_en.php?act=text.display&tid=26 (last visited Dec. 15, 2011). The organization consists of 71 States and the

European Union. Id. In 1980, the Hague Conference developed the Hague Convention on the Civil Aspects of International Child Abduction. The purposes of the Hague Convention are to ensure that custody agreements are respected in the courts of countries that are signatories to the Hague Convention and to secure the return of children who have been wrongfully removed from their home country. Hague Convention on the Civil Aspects of International Child Abduction, art. 1, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 49 (Hague Convention). In 1988, Congress implemented the Hague Convention through the passage of the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601–11610. Under the Hague convention, a child is "wrongfully removed" where the removal "is in breach of rights of custody attributed to a person . . . under the law of the State in which the child was habitually resident immediately before the removal or retention." Hague Convention, art. 3. If such "wrongful removal" occurs, a person may file a petition for return of the child in a federal district court or a state court in the place where the child is located. 42 U.S.C. § 11603(b). A child who has been "wrongfully removed" is to be promptly returned to the country of his or her habitual residence. Id. § 11601(a)(4). In this appeal, we must determine whether we can grant any meaningful relief where a district court granted a petition for the return of children based not on a finding of wrongful removal, but instead on the parents' stipulation that the children would return to the country of habitual residence for a custody hearing.

2

I.

Respondent Alena Berridge relocated to Denver, Colorado from the Czech Republic with her two children. Subsequently, Petitioner Max Joseph Leser, Respondent's ex-husband and father of the children, filed a petition in the United States District Court for the District of Colorado seeking return of the children to the Czech Republic pursuant to the Hague Convention and ICARA. The district court held a hearing on the petition, at which it addressed Respondent's motion to continue. Respondent filed the motion to continue in response to a summons for the children to attend a custody hearing in the Czech court on March 24, 2011. Respondent indicated that the Czech court at the March hearing intended to rule on Petitioner's and Respondent's cross motions for "custody rights," "contact rights," and "the right to determine residence." The district court asked respondent: "[Y]our position with regard to this ICARA action is that it is the Czech court that should make this determination and [you are] willing to take the children back to [the Czech Republic] so that indeed that determination can be made. Is that correct?" Respondent answered affirmatively. Petitioner also agreed that the Czech court was the court where all custody issues should be heard, including whether Respondent had the right to relocate the children to the United States. The district court asked Respondent if she planned to attend the March hearing in the Czech Republic. Respondent stated she would attend if Homeland Security would allow her to leave the United States without adverse effect to her visa status.

Before pronouncing its decision, the district court stated it did not believe the real issue before the court was whether Respondent had wrongfully removed her children to the United States. Rather, the district court believed the issues to be which court, the Czech court or United States court, should interpret the custody orders and determine whether Respondent violated those custody orders. Because both parents agreed the Czech court was the appropriate court to hear these issues, the district court, pursuant to the stipulation and without objection, ordered the children returned to the Czech Republic for the March 24, 2011 hearing. The district court made no finding as to wrongful removal as required by the Hague Convention. Rather than granting Respondent's motion to continue, however, the court asked the parties to submit a proposed order setting forth the court's ruling. Respondent agreed to prepare the order and stated she could submit it to Petitioner the next day. But because the parties could not agree to the wording of a proposed order, both Respondent and Petitioner filed separate proposed orders with the court. The court then—oddly enough—drafted and entered an order *granting the petition* for return of the children based not on wrongful removal, but on the parties' stipulation that the children would be present for the hearing in the Czech Republic:

> The Respondent represents that the children will be present for the hearing . . . . Given the parties' stipulation, there is no disputed issue for this Court to determine. Accordingly, pursuant to the authority of the Court under 42 U.S.C. 11603(a), it is ordered that (1) The Petition (#1) is granted. (2) Respondent Alena Berridge f/k/a Alena Leserova shall return the minor children, [M.L. and O.L.], to the jurisdiction of the Czech Republic within such time as is necessary to participate in the Czech court's hearing on March 24, 2011. The children shall remain

4

within the jurisdiction of such court until directed or authorized otherwise by such court. The return of the children shall be expeditiously reported to the appropriate Central Authority.

Leser v. Berridge, No. 1:10-CV-2615, Order for Return of Children (D. Colo. Feb. 3, 2011) (internal capitalization and bolding omitted). Rather than promptly asking the district court to vacate its order granting the petition, and requesting the court to grant her motion to continue instead, Respondent appealed and thereafter filed a motion to stay the judgment. We denied that motion and the children returned to the Czech Republic for the hearing. Leser v. Berridge, No. 11-1094, Order (10th Cir. Mar. 17, 2011). Once the children arrived in the Czech Republic, the Czech courts seized the children's passports and issued new custody orders. We exercise jurisdiction under 28 U.S.C. § 1291, and dismiss the appeal as moot.

II.

On appeal, Respondent asserts the district court order is *ultra vires* because the district court lacked jurisdiction to grant the petition. Specifically, Respondent contends ICARA authorizes United States district courts "to order the return of a child to the country of habitual residence *upon a finding of wrongful removal*." According to Respondent, "the [district] court lacked jurisdiction to order anything" without a finding of wrongful removal. Thus, Respondent argues the district court erred when it ordered the children to attend and participate in legal proceedings in the Czech Republic despite the fact she agreed to it. Although Respondent acknowledges the district court did not make an explicit finding of wrongful removal

5

of the children, at oral argument Respondent asserted that in granting the petition, the district court implicitly found wrongful removal and that such a finding was clear error based on the existing Czech custody orders.

In Respondent's view, the district court's order amounted to a "summary judgment." To support her contention, Respondent claims a significant factual dispute existed as to whether she wrongfully removed the children from the Czech Republic. Yet the district court failed to permit her to address that factual dispute. In addition, Respondent asserts that both she and the children should have had the opportunity to appear at an evidentiary hearing to present evidence and defenses. Respondent claims "a trial was necessary because [Petitioner's] credibility was questionable and negative inferences from his behavior should have been drawn." Moreover, Respondent asserts the district court erred in issuing its "summary judgment" order because Petitioner did not meet his burden of proof that Respondent breached his rights of custody under ICARA.

In contrast, Petitioner argues the district court did not err in granting the petition in full based on the stipulation of the parties that the children would return to the Czech Republic for the custody hearing. Petitioner contends that because "the Czech court was determining the underlying custody dispute, there was nothing left for the District Court to adjudicate, but to ensure [Respondent] followed her stipulations by ordering the return of the minor children under the Hague Convention." Petitioner posits three arguments as to why the district court's order

6

granting his petition for return of children was harmless. First, the Czech courts are adjudicating whether Respondent can relocate the children "by [Respondent's] initiation and with her willful participation." Second, the Hague Convention does not require an evidentiary hearing and Petitioner made his prima facie case of wrongful removal in his pleadings. Third, Respondent failed to preserve any affirmative defenses under ICARA, such as physical or psychological harm if the children returned to the Czech Republic or the desire of the children not to return to the Czech Republic.

## III.

After reviewing the record, we considered whether this matter might be moot. Specifically, we considered whether we could grant either party any meaningful relief on appeal where, despite "granting" the petition, the district court clearly made no finding of "wrongful removal" either at the hearing or in its order. Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1255 (10th Cir. 2004) (explaining even when no party raises mootness on appeal, we must examine this issue *sua sponte* because the Constitution "commands that we determine whether an Article III case or controversy is before us"). In other words, the district court made no finding as to wrongful removal—either implicitly or explicitly—but instead granted the petition for return of children based on the parents' stipulation that the children would return to the Czech Republic for the custody hearing. Accordingly, the children may return to the United States without Respondent being in violation

7

of a court order if the Czech court returns the children's passports. If Petitioner believes a subsequent removal of the children is wrongful, he would be neither issue precluded nor claim precluded from filing a second petition in the district court. Two crucial facts in the parties' opening briefs led us *sua sponte* to request supplemental briefing on whether this civil action had been rendered moot by events that occurred since Respondent filed her appeal. Leser v. Berridge, No. 11-1094, Order (10th Cir. Sept. 27, 2011). First, the children returned to the country of their habitual residence and the courts of that country seized their passports, therefore forbidding them to leave the Czech Republic. Secondly, the parties indicated the Czech court issued new orders related to custody subsequent to the children's return to the Czech Republic.

For her part, Respondent asserts her compliance with the district court order to return the children did not moot this case. Respondent reasons such a result would "render the trial court rulings unappealable" and would "be contrary to our system of jurisprudence." Moreover, Respondent contends that even though the Czech court undisputedly has jurisdiction to modify the custody orders, any subsequent custody orders have no legal significance on the issue before us—whether the *initial* removal was wrongful. At oral argument, Respondent continued to insist this action is not moot, specifically because a Czech court allegedly relied on the district court's "finding" of wrongful removal. Accordingly, Respondent argues reversing or vacating the district court opinion would remove any "finding" that she wrongfully

8

removed the children to the United States. Respondent further believes that unless we reverse the district court order, Respondent cannot return to the United States with the children.

In his supplemental briefing, Petitioner stated this action is not moot because the new Czech custody orders are not final. Thus, the original custody orders that were before the district court are still in place. At oral argument, however, Petitioner changed his position, stating that this case *is* moot because we cannot grant any meaningful relief to Respondent. Specifically, Petitioner stated we cannot have any "possible effect on the outcome of the case. . . . because [the district court order] was based on a stipulation."

### A.

Article III limits a federal court's jurisdiction to "cases and controversies." U.S. Const. art. III, § 2. Our duty "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions." Mills v. Green, 159 U.S. 651, 653 (1895). In other words, "[o]ur job is to decide cases that matter in the real world, not those that don't." Wyoming v. U.S. Dep't of Interior, 587 F.3d 1245, 1250 (10th Cir. 2009). "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." United States v. Juvenile Male, 131 S. Ct. 2860, 2864 (2011) (internal citation omitted). We repeatedly have held that "a case or controversy no longer exists when it is

9

impossible to grant any effectual relief." Chihuahuan Grasslands Alliance v. Kempthorne, 545 F.3d 884 (10th Cir. 2008).

B.

In this appeal, Respondent requests we reverse the district court order and dismiss the petition for return of children, or in the alternative, remand to the district court to hold an evidentiary hearing on the issue of wrongful removal. In discussing mootness at oral argument, Respondent criticized the district court order for "granting" the petition for return of children without a finding of wrongful removal. In making that argument, Respondent attacks the *merits* of the district court order. Our task is to determine whether Respondent "has suffered some actual injury that can be redressed by a favorable decision." Rhodes v. Judiscak, 653 F.3d 1146, 1147 (10th Cir. 2011) (internal citation omitted). Because we cannot offer Respondent *any* relief, we need not, indeed, may not, decide whether the district court erred in ordering Respondent to return the children to the country of habitual residence without a finding of wrongful removal, where the parents *stipulated* that the children would return to the Czech Republic for the hearing.

The district court's order, entitled "Order for Return of Children," clearly articulated the court's belief that no disputed issues existed because of the stipulation to return the children. After "granting" the petition, the court ordered Respondent to return the children to the Czech Republic to participate in the custody hearing. The order also states the "children shall remain within the jurisdiction of such court

10

until directed or authorized otherwise by such court."[1]  If we granted Respondent's request and reversed the district court order, we would not reverse a finding of wrongful removal.  The language of the written order substantiates that the district court based its order on the parent's agreement the children would in fact return to the Czech Republic.  In doing so, the district court made no "implicit" finding of wrongful removal, but rather stated in its order "there is no disputed issue for this Court to determine."

Furthermore, we do not believe the district court's language that the "children shall remain within the jurisdiction of such court until directed or authorized otherwise by such court" is contrary to the parties' stipulation.  Respondent expresses concern that, without reversal of the district court order, she would be in violation of the district court order if she returns to the United States with the children.  We believe Respondent misreads the district court order.  Because ICARA empowers United States courts "to determine only rights under the Convention and

---

[1] Respondent repeatedly referred to the district court order as "*sua sponte*" and "*ultra vires*."  We do not see how the district court order was *sua sponte*.  The court asked the parties to submit an order, but the parties failed to agree on a proposed order.  Accordingly, we believe Respondent should not have been surprised when the court chose to enter its own order.  Even more puzzling is Respondent's characterization of the district court's order as "*ultra vires*."  District Court document 70-1 is Respondent's proposed order.  In paragraph 3 of the proposed order, Respondent wrote: "This court orders that the Respondent and the minor children are to honor the summons of the Czech court by returning to the Czech Republic to testify at the hearing currently set for March 24, 2011."  As mentioned above, we may not rule on the appropriateness of the district court ordering the children to return to the Czech Republic without a finding of wrongful removal.  Respondent not only failed to object to this result in the district court, but also suggested such a result in her proposed order to the district court.

not the merits of any underlying child custody claims," the Czech court has jurisdiction to decide custody issues —including jurisdiction to restrict the children's travel by seizing their passports.[2]  42 U.S.C. § 11601(b)(4).  If the Czech court determines to return the children's passports and Respondent returns to the United States with the children, we envision *no* scenario where she would be in violation of

_____

[2] In Respondent's brief, she contends that the Czech court is the appropriate court to determine custody.  At the district court hearing, she requested a continuance based on her assertion the Czech court was the appropriate court to hear the issues in Petitioner's petition.  At oral argument, however, Respondent contended that the elements of due process do not exist in the Czech Republic.  Principles of comity require us to examine the fairness of a foreign country's judicial procedures.  Novani v. Shahani, 496 F.3d 1121, 1131 (10th Cir. 2007).  In examining fairness, we inquire if:

> there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries, and there is nothing to show either prejudice in the court, or in the system of laws under which it is sitting, or fraud in procuring the judgment.

Phillips USA v. Allflex USA, 77 F.3d 354, 359 (10th Cir. 1996) (quoting Hilton v. Guyot, 159 U.S. 113, 202 (1895).  The Czech Republic is a member of both the European Union and the North Atlantic Treaty Organization.  Furthermore, the country has an independent judiciary.  Ústavní zákon č. 1/1993 Sb., Ústava České Republiky [Constitution of the Czech Republic].  "The courts shall first and foremost provide in a manner defined by law protection of rights."  Id.  The Czech court system consists of a Supreme Court and superior, regional, and district courts.  Judges are appointed to lifetime terms and must be graduates of law schools.  Id.  In making decisions, judges are "bound by the law and international agreements constituting part of the legal order."  Id.  The Constitution further provides that "[a]ll parties to judicial proceedings shall have equal rights" and that "[p]roceedings before a court shall be oral and public."  Id.  Accordingly, we cannot conclude that the courts of the Czech Republic are rogue bodies that deny due process to litigants.

the district court order. And if the children subsequently return to the United States, Petitioner may file a second petition for the return of children if he believes such removal to the United States to be wrongful without being subject to either issue preclusion or claim preclusion. Because we conclude the district court made no finding as to wrongful removal and because we locate no language in the district court order preventing the children from returning to the United States upon return of their passports, any ruling on the merits "would have no effect in the world we now inhabit but would serve only to satisfy the curiosity of the litigants about a world that once was and is no more." Wyoming, 587 F.3d at 1253. Thus, given the unique circumstances of this case, we must conclude this civil action is moot.[3]

Respondent further maintains case law from our sister circuits should lead us to conclude this case cannot be moot. The cases Respondent cites hold that the return of a child to the country of his or her habitual residence after a finding of wrongful removal does not moot an appeal. We note, however, our sister circuits have split on this issue.[4] Nonetheless, because the facts of this case are

---

[3] We note for the parties' benefit that "an interest in attorney's fees is insufficient to create an Article III case or controversy where a case or controversy does not exist on the merits of the underlying claim." In re Western Pac. Airlines, Inc., 181 F.3d 1191, 1196 (10th Cir. 1999) (quoting Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 n.4 (10th Cir. 1994)).

[4] Compare Fawcett v. McRoberts, 326 F.3d 491 (4th Cir. 2003) (finding that the United States courts retained the power to grant meaningful relief because the district court could order the child's return to the United States following a reversal and remand and stating it is not clear that a lack of effective methods for enforcing a court order necessarily means that the court's opinion cannot affect the matter at issue) and Whiting v. Krassner, 391 F.3d 540 (3d Cir. 2004) (same) with Bekier v.

(continued...)

13

distinguishable, we need not resolve that issue in this appeal.  As discussed in detail above, the district court made no finding of wrongful removal in contrast to the cases Respondent cites.  Therefore nothing prevents the children from returning to the United States if either the Czech court determines the new custody arrangements allow for the children to relocate to the United States or if the court lifts the travel ban and the original custody agreement remains in place.[5]  Thus, our holding this action is moot rests on the fact that the district court made no finding of wrongful removal, not on the basis of the children's current location.

Respondent additionally submits this case is not moot because a lower Czech court allegedly depended on the district court order.  Respondent posits such a result necessitates reversal.  We disagree.  The Hague Convention clearly provides "[a] decision under this Convention concerning the return of the child shall not be taken to be a determination on the merits of any custody issue."  Hague Convention, art. 19.  Even if a foreign court misinterprets a United States court's order in contravention of the Hague Convention's plain language, that incorrect reading does not revive a moot case or controversy.

---

[4](...continued)
Bekier, 248 F.3d 1051 (11th Cir. 2001) (finding case moot after children's return to country of habitual residence because federal courts become powerless to grant relief to respondent).

[5] We must also conclude that, in this case, the new custody orders, which both parties have appealed in the Czech Republic, do not moot the appeal.  Although we have held that new custody orders which resolve the question of wrongful removal may moot a case on appeal, in this case the parties indicated at oral argument that because the new custody orders are on appeal in the Czech Republic, the old custody order is still in place.  Novani, 496 F.3d at 1131.

Finally, Respondent's contention that the United States district courts will supplant courts of appeal and become courts of last resort in ICARA actions is without merit. First, a party could file a motion pursuant to Federal Rule of Civil Procedure 59(e) with the district court to correct any alleged error in findings before appealing—a course Respondent chose not to pursue in this case. Second, a respondent may file a motion pursuant to Federal Rule of Appellate Procedure 8 to stay the district court's judgment, which, to Respondent's credit, she did file in this case. Here, we, *not the district court*, made the ultimate decision not to issue a stay of judgment. Accordingly, we disagree with Respondent's view that by declaring this case moot, we authorize the district court to become the court of last resort in an ICARA action.[6]

## C.

Generally, when a case becomes moot on appeal, "we vacate the district court judgment and remand with instructions to dismiss the case for lack of jurisdiction." Wyoming, 587 F.3d at 1254. Like all general rules, this rule has exceptions. For example, if the nonprevailing party, as Respondent believes she is here, takes some action to render the dispute moot, we will not vacate the order because of the "worry

---

[6] Respondent similarly cannot be assisted by a favorable ruling as to her alternative request for relief. We conclude no reason exists to remand this action to the district court to hold an evidentiary hearing and then make a finding as to wrongful removal. The children, *by stipulation*, returned to the Czech Republic. As we discussed above, because no finding of wrongful removal exists, Petitioner is free to refile a petition pursuant to ICARA if the children return to the United States and he believes that return is wrongful.

that an unsuccessful party might have altered its behavior in order to moot an appeal and thereby vacate an unfavorable district court judgment—essentially manipulating the jurisdiction of the federal courts to obtain the relief it was not able to win in court." Id. (internal citation omitted). In this case, no one suggests Respondent returned her children to the Czech Republic with the motive of vacating the district court order. Respondent wishes the children to remain in the United States, which counters any suggestion that the motive behind returning the children to the Czech Republic was to vacate the order.

Accordingly, this appeal is DISMISSED AS MOOT, the district court opinion is VACATED, and this action is REMANDED to the district court with instructions to dismiss the petition for lack of subject matter jurisdiction.[7]

---

[7] Petitioner filed a motion for damages pursuant to Federal Rule of Appellate Procedure 38, which allows us to award costs to an appellee if an appellant's appeal is frivolous. Fed. R. App. P. 38. Petitioner believes Respondent's appeal is frivolous because she is appealing: "1) the Court's Courtroom minutes and not the District Court's final order; 2) her inability to put on evidence concerning an affirmative defense that was never pled in her Verified Answer to the District Court; and 3) her own stipulation to the District Court." Petitioner also complains Respondent "makes only one citation to the Record in her Opening Brief" and that her claims "are completely unsupported by the record, false and defamatory." Finally, Petitioner contends that the reply brief addresses a new order that is incorrectly translated. "An appeal is considered frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." Melea, Ltd. v. Jawer SA, 511 F.3d 1060, 1071 (10th Cir. 2007) (internal citation omitted). Although Respondent seemed not to understand the principle of mootness and clearly *is* appealing the result of her stipulation to return to the Czech Republic for the custody hearing, given the district court's perplexing ruling, we do not believe that Rule 38 sanctions are appropriate in this case.