[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14255
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:09-cv-00076-SPM-WCS


ALAN BOYD CURTIS,

                                                            Plaintiff-Appellant,


versus


UNITED STATES OF AMERICA,
JAMES ARTHUR HELLICKSON,
Assistant State Prosecutor,
RENE MARI BAVER,
Assistant State Prosecutor,
JOSEPH ANTHONY BULONE,
Alleged Judge,
EDWARD JUDY,
Detective PSCO, et al.,

                                                            Defendants-Appellees.


UNITED STATES EMBASSY, et al.,

                                                            Defendants.

Appeal from the United States District Court
for the Northern District of Florida

(June 25, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Alan Boyd Curtis, proceeding *pro se* and *in forma pauperis*, appeals the district court's *sua sponte* dismissal of his complaint for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Curtis's complaint arises out of criminal convictions and sentences that originally violated the terms of an extradition agreement between the United States and Spain.

The district court dismissed Curtis's complaint, but this court vacated and remanded for further proceedings concerning Curtis's sentences and the extradition agreement. *Curtis v. United States*, 376 F. App'x 902 (11th Cir. 2010). Curtis then filed an amended complaint against the United States, Pinellas County, Florida, and the individual defendants. In this complaint, Curtis alleged fraud in the inducement and breach of contract in connection with his extradition from Spain; breach of the covenant of good faith; conspiracy; RICO violations arising from the actions of two private defendants; cruel and unusual punishment in

2

connection with the conditions of his imprisonment; and false imprisonment arising from his seizure in France. The magistrate judge recommended that the complaint be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). First, the magistrate judge found that because Curtis had been resentenced to determinate terms, there was no violation of the extradition agreement and thus Curtis's claims based on the alleged violation were moot. The magistrate judge then found that success on the remainder of Curtis's claims would necessarily invalidate Curtis's convictions. Accordingly, such claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Moreover, the magistrate judge concluded that the individual judges and state prosecutors were immune from suit. Finally, with respect to the claims challenging the conditions of confinement, the magistrate judge found that the proper way to raise such claims was in a 42 U.S.C. § 1983 action in the appropriate venue.

The district court adopted the magistrate judge's report,[1] over Curtis's objections to the court's jurisdiction, and dismissed the complaint under § 1915(e)(2)(B)(ii). Curtis now appeals.

On appeal, Curtis argues that his complaint was improperly dismissed, service of process was not given, relief may still be granted for fraudulent

---

[1] This was the magistrate judge's second report and recommendation.

inducement, and dismissing the case for mootness would allow the government to benefit from its wrongdoings. He also contends that immunity is improper because the defendants' actions were taken in bad faith, the defendants engaged in official misconduct, and that our prior holding in this case on his first appeal bars the application of *Heck*[2] to his claims. Additionally, his extradition and the connected criminal cases suffered from numerous substantive issues and jurisdictional defects. Finally, the defendants engaged in a conspiracy that constituted state action and resulted in a § 1983 violation.

The Prison Litigation Reform Act provides that an *in forma pauperis* action or appeal shall be dismissed at any time if the court determines that it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A district court's *sua sponte* dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is reviewed *de novo*, viewing the allegations in the complaint as true. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

---

[2] *Heck v. Humphrey*, 512 U.S. 477 (1994).

"Dismissal of a moot case is required because mootness is jurisdictional." *Sierra Club v. U.S. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002). "A case is moot if no case or controversy exists for us to resolve: when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Bekier v. Bekier*, 248 F.3d 1051, 1054 (11th Cir. 2001) (internal quotation marks omitted). In considering whether a case is moot, we "look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued." *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001).

Under *Heck*, a prisoner may not bring a damages claim challenging the constitutionality of officials' actions if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence," unless he shows that his conviction or sentence has already been invalidated. 512 U.S. at 487. "[E]ven when the plaintiff does not seek such damages, his suit may be barred if, for example, he must negate an element of the offense of which he has been convicted in order to prevail." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal citation and punctuation marks omitted).

In this case, we conclude that the district court properly dismissed Curtis's amended complaint. First, Curtis has abandoned his claims for RICO violations,

5

cruel and unusual punishment, and false imprisonment by failing to raise them in his appellate brief. *Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994).

Curtis's claims premised on the breach of the extradition agreement were mooted by the resentencing. Curtis was resentenced to consecutive terms of 30 years, 25 years, and 25 years. Thus, his sentence no longer violates the extradition agreement and any breach has been cured. Although Curtis argues that remedies are still available, remedies in contract law are intended to put the non-breaching party in as good a position as he would have been in had the contract been performed. *See* Restatement (Second) of Contracts, § 344 cmt. a. But when Curtis was resentenced in 2010, the potential breach was eliminated before it was fully effective, and Curtis did not suffer any cognizable harm. Accordingly, there is no continuing case or controversy and Curtis's claim of breach is now moot. *See Bekier*, 248 F.3d at 1054.

Curtis's remaining claims allege that the criminal sentences were invalid because there was a lack of jurisdiction, the extradition was improper, and the defendants conspired to unlawfully extradite, convict, and sentence him. Each of these arguments "would necessarily imply the invalidity of his conviction or sentence," and his convictions and sentences have not been invalidated. *Heck,* 512 U.S. at 487. As a result, Curtis's remaining claims are *Heck*-barred. Curtis

contends that *res judicata* bars the application of *Heck*, but we expressly held that any claims that would have gone directly to the validity of Curtis's sentence would be barred by *Heck*. *Curtis*, 376 F. App'x at 904 n.2. Accordingly, we affirm the district court's dismissal of Curtis's complaint for failure to state a claim upon which relief can be granted.

**AFFIRMED.**